UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-2512 FMO (SSCx) | Date | November 26, 2024 |
|---|---|---|---|
| Title | Brandy Hurd v. FedEx Office and Print Services, Inc. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | | Attorney Present for Defendant(s): |
| None Present | | None Present |

**Proceedings:**     (In Chambers) Order Re: Motion to Remand [12]

On November 13, 2023, Brandy Hurd ("plaintiff") filed a Complaint in the Ventura County Superior Court against FedEx Office and Print Services, Inc. ("defendant"), asserting three claims related to an injury she suffered at defendant's store in Ventura, California. (See Dkt. 1, Notice of Removal ("NOR") at ¶¶ 1, 9); (Dkt. 1-1, Exh. A, Complaint). Defendant removed the action to federal court based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441. (See Dkt. 1, NOR at ¶¶ 8-10). Plaintiff now seeks to remand the action back to state court. (See Dkt. 12, Motion to Remand ("Motion") at 2).

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). "The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 32, 123 S.Ct. 366, 369 (2002) (internal quotation marks omitted). Where Congress has acted to create a right of removal, those statutes, unless otherwise stated, are strictly construed against removal jurisdiction.[1] See id. "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

When federal subject matter jurisdiction is predicated on diversity of citizenship, two

---

[1] For example, an "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d). See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89, 135 S.Ct. 547, 554 (2014).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-2512 FMO (SSCx) | Date | November 26, 2024 |
|---|---|---|---|
| Title | Brandy Hurd v. FedEx Office and Print Services, Inc. | | |

requirements must be met. See 28 U.S.C. § 1332. First, complete diversity must exist between the opposing parties. See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996) (stating that the diversity jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"). Second, the amount in controversy must "exceed[] the sum or value of $75,000, exclusive of interests and costs[.]" 28 U.S.C. § 1332(a).

Here, plaintiff contends that the matter should be remanded because the parties are not diverse. (See Dkt. 12, Motion at 3-4). Relying on Tosco Corp. v. Communities for a Better Env't, 236 F.3d 495 (9th Cir. 2001), plaintiff contends that defendant's "principle place of business is arguably in California" because "California contains a substantial predominance of FedEx Office and Print Service's business activities[.]" (See Dkt. 12, Motion at 3-4). However, plaintiff's reliance on Tosco and the "substantial predominance" test is misplaced. The substantial predominance test was rejected by the Supreme Court. See Hertz Corp. v. Friend, 559 U.S. 77, 82, 92-93, 130 S. Ct. 1181, 1186, 1192 (2010) (rejecting Ninth Circuit's "substantial predominance" test as expressed in Tosco); see also Balian v. Home Depot U.S.A., Inc., 2017 WL 4083563, *3 (C.D. Cal. 2017) ("According to the Supreme Court's holding in Hertz, the 'substantial predominance' test, previously used by the Ninth Circuit . . . is no longer valid."); Langevin v. Fed. Exp. Corp., 2015 WL 1006367, *4 (C.D. Cal. 2015) ("The substantial predominance test was rejected by the Supreme Court in Hertz.").

For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1); see Hertz, 559 U.S. at 92-93, 130 S.Ct. at 1192 (A corporation's principal place of business is its "nerve center" – "the place where a corporation's officers direct, control, and coordinate the corporation's activities."). Here, defendant has established that complete diversity exists between the parties. Plaintiff is a citizen of California. (See Dkt. 1, NOR at ¶ 9); (see, generally, Dkt.12, Motion) (Plaintiff does not dispute that she is a citizen of California). Defendant, on the other hand, is a citizen of Texas, where it is incorporated, and has its principal place of business.[2] (See Dkt. 1, NOR at ¶ 9); (Dkt. 15, Defendant's Opposition ("Opp.") at 6-7).

Although plaintiff has not challenged the amount in controversy, (see, generally, Dkt. 12, Motion), defendant has shown that the amount in controversy exceeds the jurisdictional requirement of $75,000. (See Dkt. 1, NOR at ¶ 9) (noting plaintiff's settlement demand exceeds $12.7 million); (see also Dkt. 15, Opp. at 4) (noting that "Plaintiff's counsel recently represented that Plaintiff's damages exceed $75,000" and that "Plaintiff has served a demand for resolution of this matter which far exceeds the jurisdictional limit"); 28 U.S.C. § 1332(a). In short, the court has subject matter jurisdiction over this matter.

---

[2] Under the circumstances, it's not necessary to address plaintiff's public policy argument. (See Dkt. 12, Motion at 5).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-2512 FMO (SSCx) | Date | November 26, 2024 |
|---|---|---|---|
| Title | Brandy Hurd v. FedEx Office and Print Services, Inc. | | |

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED THAT plaintiff's Motion to Remand **(Document No. 12)** is **denied**.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |